6 F.3d 788
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Katherine L. TURNER, Petitioner,
v.
DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 93-3286.
 United States Court of Appeals, Federal Circuit.
 Sept. 24, 1993.
 
 Before PLAGER and LOURIE, Circuit Judges, and RONEY, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 Katherine L. Turner petitions for review of the final decision of the Merit Systems Protection Board (Board), docket number PH344920605I1, dismissing her appeal of the Department of Veterans Affairs (DVA) decision to remove her for unacceptable performance. The Administrative Judge issued an initial decision dismissing Turner's appeal on October 29, 1992. That decision became final on March 9, 1993, when the Board denied the petition for review. We affirm.
 
 
 2
 In 1990, Turner first appealed the decision of the DVA to remove her from employment because of unacceptable performance. An initial decision by an administrative judge affirming the action of the agency was not appealed to the full Board.
 
 
 3
 Then in 1992, Turner filed a second appeal with the Board challenging the bases for her removal, claiming unfavorable employment references in violation of the Privacy Act, 5 U.S.C. Sec. 552a, and seeking reinstatement, monetary damages and financial assistance. She subsequently wrote the Administrative Judge a letter stating that she wished to dismiss her appeal. In the decision that gave rise to this appeal, Turner's Board appeal was dismissed by Administrative Judge Fishman on October 29, 1992. Apparently deciding that she did not, in fact, wish to drop her challenge to her termination by the DVA, Turner then filed a petition for review by the full Board of the initial decision. The Board denied her petition for review, and the decision of the Board became final. She appeals the Board's final decision to this Court.
 
 
 4
 The Board has consistently held that voluntary withdrawal of an appeal removes that appeal from the jurisdiction of the Board. See, e.g., Clark v. Department of the Treasury, 9 M.S.P.R. 48 (1981); Wilson v. U.S. Postal Service, 41 M.S.P.R. 628, 629 (1989); see also Jackson v. Department of the Air Force, 45 M.S.P.R. 483, 484 (1990). Although Turner now questions the advice of her attorney and the propriety of the dismissal of her claim, she does not contest her voluntary withdrawal of the claim. Her withdrawal was unequivocal at the time it was made, and is a proper basis for dismissal of her petition. See Duncan v. Merit Sys. Protection Bd., 795 F.2d 1000, 1002 (Fed.Cir.1986).
 
 
 5
 Needless to say, any attempt to seek review of the 1990 initial decision upon the merits of her removal is precluded by her failure to file a timely appeal of that decision. Monzo v. Department of Transp., Federal Aviation Admin., 735 F.2d 1335 (Fed.Cir.1984); Ramos v. United States, 683 F.2d 396, 397 (Ct.Cl.1982).
 
 
 6
 The material that Turner argues as new evidence is related to that decision, and is irrelevant to the decision dismissing her appeal following her notification of a voluntary withdrawal of her appeal. For all the foregoing reasons, we affirm.
 
 
 
 *
 Hon. Paul H. Roney, of the United States Court of Appeals for the Eleventh Circuit, sitting by designation